# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2885

_____

|  |  |  |
|---|---|---|
| In re:  Case Corporation, | * | Appeal from the United States |
|  | * | District Court for the Eastern |
| Petitioner. | * | District of Arkansas. |
|  | * |  |
|  | * | [UNPUBLISHED] |

_____

Submitted:  November 18, 1999

Filed:  December 7, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Case Corporation, a cotton picker manufacturer, was sued by farmers whose Case pickers were damaged by fire.  Between May 1995 and March 1996, certain Case employees designated as the "Cotton Picker Improvement Team" (CPIT) met to conduct "an impartial review of cotton picker losses, including fires, to determine and implement appropriate corrective and preventative measures."  The CPIT meetings were also attended by Case's outside counsel, who wrote a series of letters to Case's corporate counsel detailing the information discussed at the meetings.  When opposing counsel requested that Case produce these letters, Case objected, claiming the letters were protected from discovery by the attorney-client privilege and the work product doctrine.  After examining the letters in camera, the district court concluded the letters were discoverable because the meetings were not held in anticipation of or in

preparation for litigation, the purpose of the meetings was not to obtain legal advice from Case's outside counsel, and the letters reported unprivileged "factual matters and observations and opinions of [Case's] employees." In ordering production of the letters, the district court found "most telling" a passage in one of the letters in which Case's outside counsel stated:

> During the course of this meeting, as has occurred in the past, the participants in this committee started to discuss how to defend lawsuits, and must be re-directed back to the primary purpose of the committee. This committee was formed to determine whether there is any consistency to cotton picker fires such that there can be any changes to the cotton picker either by way of engineering or warnings to reduce frequency of cotton picker fires. Since most of the participants in these meetings believe that the primary cause of cotton picker fires is inadequate maintenance and inadequate training of operators, they start with the idea of trying to prove that it is not a design or a warning problem. [One of Case's corporate attorneys] and I have previously discussed the approach and agreed that this group is to be involved in engineering questions rather than legal questions.

Case now petitions this court for a writ of mandamus, seeking to prevent production of the letters. Having carefully reviewed the documents in question, the parties' arguments, and the district court's thorough order, we conclude the district court did not abuse its discretion in ordering production of the letters, see In re Bieter Co., 16 F.3d 929, 932-33 (8th Cir. 1994), and deny Case's petition for writ of mandamus, see 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.